UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANKLIN CARL PAULUS, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:11-cv-00903-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| U.S. DEPARTMENT OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the "Motion for Summary Judgment" (ECF No. 25) filed by Defendant United States Department of Education ("the DOE"). *Pro se* Plaintiff Franklin Carl Paulus has filed an opposition (ECF No. 27) and Arne Duncan, as Secretary of the United States Department of Education, has filed a Reply (ECF No. 28).

**I.    BACKGROUND**

Plaintiff filed his Complaint before this Court on June 6, 2011, against the United States Department of Education, Michigan State University, and Progressive Financial Services, Inc. (ECF No. 1.) Plaintiff dismissed Michigan State University and Progressive Financial Services, Inc., in July and August 2011. (ECF Nos. 7, 10.) As acknowledged by the DOE, Plaintiff served the Summons and Complaint on November 29, 2011. (Proof of Service, ECF No. 16; Mot. Extension of Time, 3:4-5, ECF No. 20.)

The DOE did not file an Answer, and instead filed the instant motion, styled as a "Motion for Summary Judgment" on March 29, 2012, requesting "that the Court dismiss Plaintiff's Complaint for failure to state a claim for which relief may be granted and grant Summary Judgment in favor of the defendant and against the plaintiff." (Mot. Summ. J., 13:16-19, ECF No. 25.)

Plaintiff's claims against the DOE stem from the DOE's efforts to enforce collection of Plaintiff's three student loans obtained while attending the Detroit College of Law from 1989 to 1992. (Compl., 1, ECF No. 1.)  When he applied to Detroit College of Law, Plaintiff had a "criminal record with several prior felony convictions," and Plaintiff alleges that the Dean of the law school and the head of admissions "assured" him "that prior felony convictions would not disqualify him from becoming a practicing attorney and member of the State Bar of Michigan immediately after graduation from the Detroit College of Law." (*Id*. at 2:¶¶6-7.) Plaintiff "took out 3 student loans of $7500 each for each semester attended" and after graduating in 1992, "was told by [State Bar of Michigan] examiners that he would not be admitted to practice law because of his prior felony convictions." (*Id*. at 3:¶¶9, 11.)  The loans "were guaranteed through the Michigan Higher Education Assistance Authority (MHEAA)" and although Plaintiff "made several payments on his student loans over the years," he admits that he "is currently in default" and "has never worked as a practicing attorney." (*Id*. at 3:¶¶9, 12 13.)  The DOE was assigned the loans as of September 2, 2004. (*Id*. at 5:¶21.)  Plaintiff "tried to discharge his student loans for false certification by Detroit College of Law" pursuant to 34 C.F.R. § 682.402(e), and his applications were denied by the DOE through its Federal Student Aid Office. (*Id*. at 3:¶15, Ex. E; Exs. 7, 9-10 to Mot. Summ. J., ECF No. 25.)

Plaintiff's allegations against the DOE appear to be limited to paragraphs 23 and 24 of his Complaint:

> 23. The U.S. Department of Education may not invoke federal law or standards used on federally insured student loans on a State of Michigan loan that it is merely an assignee of 13 years after the fact. State of Michigan law applies to collection of State debts and not federal law, and collection of this debt was barred after 6 years in 1997.

24. Further, U.S. Department of Education, as assignee of a state debt, may not offset petitioner's federal or state tax refunds or other federal benefits. Such offsets are only allowed on federally insured student loans that the government was a lender or party to.

(Compl., 5:¶¶23-24, ECF No. 1.) However, under the heading, "Jurisdiction," Plaintiff also states in the introduction to his Complaint that "[t]his is a civil action brought against an agency of the United States and its agents regarding 3 student loans, and defendants (sic) interpretation of 34 C.F.R. Section 682.402(e)(13)(iii) to enforce those loans." (*Id*. at 1.) Plaintiff requests that the Court order the DOE "to remove a federal offset that it placed on [his] federal and state tax refunds or any and all other federal benefits [he] might receive," and that the Court order "that student loans and promissory notes held by [the DOE] in this matter be discharged in full." (*Id*. at 7.)

## II.   LEGAL STANDARD

Although styled solely as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Court recognizes that the relief requested by the DOE is premised on Rule 12(b)(6) and 12(d).

Rule 12(b)(6) provides that a motion asserting the defense of "failure to state a claim upon which relief can be granted" must be made before any responsive pleading, if the defense is not included in a responsive pleading. Fed. R. Civ. P. 12(b)(6). Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Furthermore, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, the Court will not exclude the matters outside the pleadings that have been presented to the Court pursuant to the DOE's motion to "dismiss Plaintiff's Complaint for

failure to state a claim for which relief may be granted and grant Summary Judgment in favor of the defendant and against the plaintiff" (Mot. Summ. J., 13:16-19, ECF No. 25).  Accordingly, the Court will apply the summary judgment standard.

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case

on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    DISCUSSION**

Plaintiff's causes of action appear to allege violations by the DOE in pursuing collection of Plaintiff's loans, including the denial of Plaintiff's applications to discharge his loans and his request for a hearing on his objection to offset Plaintiff's federal and state tax refunds and other federal benefits, as reflected in the letters sent to him in April 2010, October 2010, and July

2011. (*See* Ex. E to Compl., ECF No. 1; Exs. 7, 9, 10 to Mot. Summ. J., ECF No. 25-9.)

Since Plaintiff would bear the burden of proving his claims, the DOE can meet its burden by (1) presenting evidence to negate an essential element of Plaintiff's case; or (2) demonstrating that Plaintiff failed to make a showing sufficient to establish an element essential to his case. As discussed below, the Court first finds that the DOE has met its initial burden, and the Court then considers whether Plaintiff has met his burden to establish that a genuine issue of material fact exists.

Because Plaintiff invokes the Code of Federal Regulations under the heading "Jurisdiction" in his Complaint, the Court construes Plaintiff's action as arising under the Administrative Procedure Act ("APA")[1], as revised and codified at 5 U.S.C. §§ 551-559, 701-706.

Plaintiff "tried to discharge his student loans for false certification by Detroit College of Law" pursuant to 34 C.F.R. § 682.402(e), and his applications were denied by the DOE through its Federal Student Aid Office ("FSA"). (Compl. at 3:¶15, Ex. E; Exs. 7, 10 to Mot. Summ. J., ECF No. 25.) The FSA specifically issued a decision in response to Plaintiff's "request for a hearing on [his] objection to offset [his] federal and/or state tax refunds and other payments." (Ex. E to Compl.) The FSA found that Plaintiff's "debt is legally enforceable" and indicated that it would "request the U.S. Department of the Treasury to offset [Plaintiff's] federal and/or state tax refunds and other payments." (*Id.*)

To the extent that Plaintiff is requesting review under the APA, the Court must first consider whether the DOE's actions, through the FSA, are reviewable. "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704. In its motion, the DOE argues that the

---

[1] The Administrative Procedure Act ("APA"), Pub. L. 79-404, 60 Stat. 237 (1946) was repealed by Act of Sept. 6, 1966, Pub. L. 89-554, 80 Stat. 378, which revised, codified, and enacted Title 5 of the United States Code. However, the provisions of the APA were incorporated into Title 5, under Chapter 7 and Chapter 5, Subchapter II.

"determination rendered by DOE with respect to the borrower's false certification loan discharge application is the final agency decision, as the statute does not provide any avenue to appeal this decision." (Mot. Summ. J., 12:5-8.) The July 2011 letter provided by Plaintiff itself states that it "vacates [the DOE's] October 15, 2010 decision and constitutes the final agency action on [Plaintiff's] application for discharge of [his] student loans." (Ex. 10 to Mot. Summ. J.; Ex. E to Compl.) In his opposition, Plaintiff does not dispute this argument, and presents no evidence showing otherwise.

The Court reviews such actions pursuant to 5 U.S.C. § 706, which provides that the Court shall:

> hold unlawful and set aside agency action, findings, and conclusions found to be –
> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). Because Plaintiff appears to challenge the basis for the DOE's denials, and because Plaintiff does not dispute the DOE's characterization of the applicable standard as "the 'abuse of discretion' standard," (Mot. Summ. J., 12:8-11), the Court will consider the record to determine whether the DOE's decisions were justified.

The April 2010 letter notifying Plaintiff of the DOE's decision explained that 34 C.F.R. § 682.402(e)(13)(iii) "is not targeted at borrowers who enroll in programs that lead to academic or advanced degrees" and that as such, Plaintiff's enrollment in such a program disqualified him for loan discharge. (Ex. 7 to Mot. Summ. J.) The June 2010 letter addressed Plaintiff's

objections to any offset, referred to the April 2010 letter in its reasoning, and also found that any misrepresentations by Plaintiff's school regarding his enrollment did not relieve Plaintiff of his obligations under his student loans. (Ex. 9 to Mot. Summ. J.; Ex. E to Compl.)  The July 2011 letter explained the DOE's denial of Plaintiff's second application for loan discharge in detail, and explained that 34 C.F.R. § 682.402(e)(3)(ii)(B) requires Plaintiff to show that his criminal record "precluded [him] from deriving any professional or occupational benefit from [his] degree." (Ex. 10 to Mot. Summ. J.)  The letter explained that Plaintiff "failed to show that under Michigan law an individual with [his] criminal record would <u>automatically</u> be prohibited from being licensed to practice law," and cited to the State Bar of Michigan website. (*Id.*)  The DOE has provided a copy of pages from the State Bar of Michigan website that support the statements in the DOE's July 2011 letter. (*See* Ex. 11 to Mot. Summ. J.)

      The Court finds that the exhibits discussed above show that the DOE's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," and that the DOE has therefore presented evidence to negate an essential element of any claim that the DOE's decision was unlawful.  Furthermore, because Plaintiff concedes in his opposition that "a felony conviction is not an absolute bar to practice law in the State of Michigan," even if 34 C.F.R. § 682.402(e) applied to him, Plaintiff has failed to provide any evidence that he would not meet the requirements for employment because of his criminal record, as required by 34 C.F.R. § 682.402(e)(13)(iii).  Accordingly, the DOE has also met its burden by demonstrating that Plaintiff failed to make a showing sufficient to establish an element essential to his case.

      In his opposition, Plaintiff provides no new evidence regarding the DOE's decision, and only briefly argues that the Detroit College of Law was culpable.  Plaintiff revisits the argument that Michigan state statutes of limitations bar the DOE from enforcing or collecting on Plaintiff's student loans.  Plaintiff provides no authority for this argument, other than citing Michigan statutes.  In its Reply, the DOE points out that 20 U.S.C. § 1091a(a) provides for

enforcement of loan obligations regardless of statutes of limitations and state court judgments:

> It is the purpose of this subsection to ensure that obligations to repay loans and grant overpayments are enforced without regard to any Federal or State statutory, regulatory, or administrative limitation on the period within which debts may be enforced.

20 U.S.C. § 1091a(a)(1), and that:

> Notwithstanding any other provision of statute, regulation, or administrative limitation, no limitation shall terminate the period within which suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken by [the Secretary of the DOE].

20 U.S.C. § 1091a(a)(2)(D). The Ninth Circuit has recognized that under this statute, "actions to collect on defaulted student loans were no longer subject to any statute of limitations." *United States v. Phillips*, 20 F.3d 1005, 1007 (9th Cir. 1994).

Accordingly, the Court finds that to the extent Plaintiff alleges unlawful enforcement of his student loan obligations by the DOE because of a statute of limitations bar, this argument fails as a matter of law.

As discussed above, and as shown in the parties' briefs, the Court finds that Plaintiff has not met his burden, and has not set forth specific facts beyond his Complaint by producing competent evidence that shows a genuine issue for trial, even drawing all justifiable inferences in Plaintiff's favor. Accordingly, the motion for summary judgment will be granted and judgment entered in favor of the DOE.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendant United States Department of Education's Motion for Summary Judgment (ECF No. 25) is **GRANTED**. The Clerk shall enter judgment accordingly.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge